UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW HISLER,

        Plaintiff,                     Case No. 1:14-cv-504

v.

                                        Honorable Gordon J. Quist

MICHIGAN PAROLE BOARD et al.,

        Defendants.

_____/

## OPINION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

      Plaintiff Matthew Hisler[1] is incarcerated with the Michigan Department of Corrections (MDOC). Defendants are identified as the Michigan Parole Board, the MDOC, the

---

[1] Plaintiff also identifies his mother and daughter as co-plaintiffs, but the Court does not consider them to be parties to the action because neither of them signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure.

Central Time Computation Unit ("CTCU") of the MDOC, MDOC Director Daniel Heyns, and Connie M. Travino, who runs the CTCU.

According to Plaintiff's MDOC profile, he is serving multiple sentences, the longest of which is a 3 to 15 year sentence issued on May 17, 2012, for assaulting/resisting/obstructing a police officer. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=576351 (visited October 28, 2014). His profile also indicates that his "Earliest Release Date" is May 13, 2015, and his "Maximum Discharge Date" is May 13, 2031. *Id.* In the complaint, Plaintiff alleges that the Michigan Parole Board approved him for release on parole and notified him that his release date was scheduled for 2014. Defendants had failed to properly calculate the minimum term of his sentence, however, which did not expire until 2015. When the CTCU determined the correct date, his release was rescheduled for 2015. Plaintiff claims that he has been injured because, even though he was "clearly aware that [he] had to do the year, . . . the MDOC placed [him] in the position of believing that [he] would be released in 2014 . . . ." (Compl. 3, docket #1.) As a result of the information he received about his expected release in 2014, and the subsequent change in his expected release date, he was not able to attend custody hearings for his daughter, and his custody over her is now in jeopardy. Plaintiff asserts that he has a liberty interest in parole and in a "future" with his children, but he was not afforded a hearing when his parole date was rescheduled, which deprived him of due process and subjected him to cruel and unusual punishment. (*Id.*) As relief, Plaintiff seeks a declaratory judgment that Defendants have violated his rights, an order requiring immediate release on parole, and damages.

## Discussion

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process

Plaintiff claims that he was deprived of due process because he was not afforded a hearing when the effective date of his release on parole was changed from 2014 to 2015. To

- 3 -

establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).

Plaintiff fails to raise a claim of constitutional magnitude because he was not deprived of a protected liberty interest. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Also, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). The discretionary parole system in

Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11.

Even though the parole board notified him that he would be released in 2014, he cannot claim that its notice created a protected interest under state law, because that decision was invalid. The parole board did not have the authority to release him before the expiration of his minimum sentence. *See* Mich. Comp. Laws § 800.34(5)(b) (providing that prisoners, like Plaintiff, who commit an offense not listed in § 800.34(5)(a) on or after December 15, 2000, are "subject to disciplinary time"); Mich. Comp. Laws § 791.233(d) (providing that a prisoner "subject to disciplinary time" shall not be granted parole until the prisoner has served the minimum term imposed by the court).

Moreover, Plaintiff cannot rely on the fact that he expected to be released in 2014 based on the notice that he received from the state. In *Jago v. Van Curen*, 454 U.S. 14 (1981), the Ohio Parole Authority notified the respondent that he would be paroled on a certain date or thereafter, but rescinded this decision a few days later based on new information. Similar to Michigan law, Ohio law created no protected liberty interest in the respondent's release. The Supreme Court held that "mutually explicit understandings," such as the fact that respondent would be paroled following the parole authority's initial decision, did not create a liberty interest for respondent in his release. *Id.* at 17. Likewise, Plaintiff's understanding that he would be released in 2014 did not give rise to a protected interest.

The Court notes that a grant of parole can create a protected liberty interest in some circumstances, but this is not one of them. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court recognized that a parolee who has been granted parole and released from prison has an interest in continued liberty, because "[that] condition is very different from that of confinement in a prison," and its termination inflicts a "grievous loss" on the parolee. *Id.* at 482. In contrast, even though Plaintiff was approved for release, he was not actually released; thus, he did not suffer

- 5 -

the sort of loss at issue in *Morrissey*. His expectation of liberty was far different from that of a parolee who is free to be "gainfully employed and . . . to be with family and friends and to form the other enduring attachments of normal life." *Id.*; *see also Greenholtz*, 552 U.S. at 9 ("There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires."). In sum, therefore, Plaintiff does not have a protected liberty interest in release on a date specified by the parole board. *See Zavodsky v. Berghuis*, No. 1:12-cv-451, 2012 WL 2052112, at *3 (W.D. Mich. June 6, 2012) (holding that the petitioner does not have a liberty interest in release where the parole board decided to grant parole but later rescinded that decision).

Plaintiff also claims that Defendants deprived him of the opportunity to be with his daughter, but that deprivation is a consequence of his conviction and sentence, not the conduct of Defendants. Defendants are not responsible for, and do not have authority to override, Plaintiff's minimum sentence, which was set by the court. Because Defendants did not deprive him of a protected liberty interest, Plaintiff cannot state a due process claim.

### B. Eighth Amendment

Furthermore, Plaintiff does not state a claim under the Eighth Amendment, which prohibits cruel and unusual punishment, because Defendants did not punish him. Instead, they merely changed his release date to coincide with the minimum sentence imposed on him by the court. Thus, Plaintiff fails to state a claim under § 1983.

### C. Habeas Exception

In addition, to the extent that Plaintiff seeks release from prison, he cannot obtain that relief in these proceedings. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court declines to construe his civil

rights action as a petition for writ habeas corpus. *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) differing defendants, (2) differing standards of § 1915(a)(3) and § 2253(c), (3) differing fee requirements, (4) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent that Plaintiff seeks damages for his ongoing confinement, or seeks a declaration which implies that his confinement is invalid, his claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). As explained by the Sixth Circuit:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original). In short, *Heck* bars claims that would necessarily imply that Plaintiff's confinement is invalid. Thus, even if Plaintiff states a an Eighth Amendment claim, it would be subject to dismissal under the principles espoused in *Heck*. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 6, 2014                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE